## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

Thomas Ashley Casson,

               Petitioner,      Case No. 23-10498

v.                              Judith E. Levy
                               United States District Judge

George Stephenson,

                               Mag. Judge Anthony P. Patti

               Respondent.

_____/

## OPINION AND ORDER DENYING PETITIONER'S MOTION TO STAY AND HOLD IN ABEYANCE [2], DISMISSING THE HABEAS PETITION [1] WITHOUT PREJUDICE, AND <u>DENYING A CERTIFICATE OF APPEALABILITY</u>

Petitioner Thomas Ashley Casson is a Michigan prisoner presently confined at the Macomb Correctional Facility in Lenox Township, Michigan. On February 28, 2023, Petitioner, through counsel, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (ECF No. 1.) In the petition, he raises claims concerning erroneous jury instructions, due process violations, the Confrontation Clause, prosecutorial misconduct, and ineffective assistance of trial counsel and appellate counsel. (*See id.* at PageID.5–6.) Petitioner simultaneously

filed a motion to stay and hold the petition in abeyance while he exhausts his unexhausted claims in the state courts. (ECF No. 2.) For the reasons set forth below, the Court denies Petitioner's motion, dismisses the petition without prejudice, and denies Petitioner a certificate of appealability.

## I.   Background

On February 28, 2019, Petitioner was convicted of two counts of first-degree criminal sexual conduct following a jury trial in the Ninth Judicial Circuit Court in Kalamazoo County, Michigan. (ECF No. 1, PageID.2; ECF No. 1-16.) Petitioner was sentenced to life imprisonment on both counts as a second-offense habitual offender. (ECF No. 1, PageID.2; ECF No. 1-16.)

Petitioner appealed his convictions to the Michigan Court of Appeals and filed a motion to remand for an evidentiary hearing. (*See* ECF No. 1, PageID.2; *see also* ECF No. 1-24, PageID.565, 586.) On December 7, 2020, the court of appeals granted Petitioner's motion in part. (ECF No. 1-17.) The case was remanded to the trial court to consider whether Petitioner's trial counsel was ineffective for failing "to impeach the victim with allegedly false prior allegations of sexual assault" and for

2

failing to adequately cross-examine "the prosecution's expert in the area of child sexual abuse and offender characteristics, regarding memory." (*Id.* at PageID.471.) On January 13, 2021, the trial court held an evidentiary hearing and heard testimony from the state's expert and Petitioner's trial counsel. (*See* ECF No. 1-18.) Following the hearing and supplemental appellate briefing (*see* ECF No. 1-26), the Michigan Court of Appeals affirmed Petitioner's convictions on March 25, 2021. *People v. Casson*, No. 349090, 2021 WL 1157284, at *1 (Mich. Ct. App. Mar. 25, 2021).

On or about June 17, 2021, Petitioner filed an application for leave to appeal to the Michigan Supreme Court. (ECF No. 1, PageID.3; ECF No. 1-27.) The Michigan Supreme Court denied Petitioner leave to appeal on December 1, 2021. *People v. Casson*, 966 N.W.2d 367 (Mich. 2021). On December 22, 2021, Petitioner filed a motion for reconsideration. (ECF No. 1-20.) The Michigan Supreme Court denied the motion on March 30, 2022. *People v. Casson*, 509 Mich. 916 (2022). Petitioner did not file a petition for a writ of certiorari with the United States Supreme Court. (ECF No. 1, PageID.4.)

On or about February 27, 2023, Petitioner filed a motion for relief from judgment in the state trial court.[1] (*See* ECF No. 1, PageID.4.) On February 28, 2023, Petitioner filed the present habeas petition in this Court. (ECF No. 1.) Petitioner also filed a motion to stay the proceedings and hold the petition in abeyance while he exhausts his claims in the state courts. (ECF No. 2.)

## II.   Legal Standard

Promptly after the filing of a habeas petition, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing § 2254 Cases; 28 U.S.C. § 2243. If the Court determines that the petitioner is not entitled to relief, the Court must summarily dismiss the petition. *See id*.; *McFarland v. Scott*, 512 U.S. 849, 856 (1994); *Crump v. Lafler*, 657 F.3d 393, 396 n.2 (6th Cir. 2011).

---

[1] While Petitioner indicates that he filed his motion for relief from judgment in state court on February 27, 2023 (ECF No. 1, PageID.4; ECF No. 2, PageID.753), the copy of the motion attached to the petition is dated February 24, 2023. (ECF No. 1-29, PageID.700, 707, 751.)

Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), a state prisoner seeking federal habeas relief must first exhaust their available state court remedies before raising a claim in federal court. 28 U.S.C. § 2254(b)–(c); *Picard v. Connor*, 404 U.S. 270, 275–78 (1971). Although exhaustion is not jurisdictional, "it is a threshold question that must be resolved" before a federal court may grant a habeas petition. *See Wagner v. Smith*, 581 F.3d 410, 415 (6th Cir. 2009) (citing *Rockwell v. Yukins*, 217 F.3d 421, 423 (6th Cir. 2000); *Harris v. Lafler*, 553 F.3d 1028, 1031 (6th Cir. 2009)); 28 U.S.C. § 2254(b)(1). For proper exhaustion, "each claim must have been 'fairly presented' to the state courts[,]" which "includes a requirement that the applicant present the issue both to the state court of appeals and the state supreme court." *Wagner*, 581 F.3d at 414 (citing *Frazier v. Huffman*, 343 F.3d 780, 797 (6th Cir. 2003); *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990)). "Fair presentation requires that the state courts be given the opportunity to see both the factual and legal basis for each claim." *Id.* at 414–15 (citations omitted). A habeas petitioner has the burden of proving that they have exhausted their state court

remedies. *Nali v. Phillips*, 681 F.3d 837, 852 (6th Cir. 2012) (citing *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994)).

Generally, federal district courts must dismiss habeas petitions which contain unexhausted claims. *See Pliler v. Ford*, 542 U.S. 225, 230 (2004) (citing *Rose v. Lundy*, 455 U.S. 509, 510 (1982)); 28 U.S.C. § 2254(b)(1)(A). However, following the enactment of AEDPA, federal habeas petitions are also subject to a one-year statute of limitations. 28 U.S.C. § 2244(d)(1). A habeas petitioner who is concerned about the possible effects of exhaustion on AEDPA's one-year statute of limitations may file a "protective" petition in federal court and then ask for the proceedings to be stayed and the petition held in abeyance pending the exhaustion of state post-conviction remedies. *See Pace v. DiGuglielmo*, 544 U.S. 408, 416 (2005) (citing *Rhines v. Weber*, 544 U.S. 269, 278 (2005)). A district court may stay and abey federal proceedings if (i) outright dismissal of the petition would jeopardize the timeliness of a future petition, (ii) there is good cause for the petitioner's failure to exhaust his state court remedies, (iii) the unexhausted claims are not "plainly meritless," and (iv) "there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." *Rhines*, 544 U.S. at

277–78. While *Rhines* concerned "mixed" habeas petitions containing both exhausted and unexhausted claims, "[t]he Sixth Circuit Court of Appeals has expressed approval of other circuit court decisions applying the stay-and-abey procedure to non-mixed petitions containing only unexhausted claims." *Frederick v. Winn*, No. 19-CV-12981, 2019 WL 5864473, at *1 (E.D. Mich. Nov. 8, 2019) (Levy, J.) (citing *Rhines*, 544 U.S. at 272–73; *Hickey v. Hoffner*, 701 Fed. App'x 422, 426 n.5 (6th Cir. 2017)); *accord Prescott v. Balcarcel*, No. 2:18-CV-10131, 2018 WL 618740, at *1 (E.D. Mich. Jan. 30, 2018) (Michelson, J.) ("When, as here, a habeas corpus petition presents only unexhausted claims, a federal court . . . can stay the case and hold the petition in abeyance."); *Misch v. Chambers-Smith*, No. 3:22-CV-1738, 2023 WL 2028302, at *3 (N.D. Ohio Feb. 16, 2023) ("[T]he Court determines that the stay-and-abey procedure is available in a case such as this where a habeas petition contains only unexhausted claims.").

## III.   Analysis

In his motion, Petitioner states that "most of the claims presented in his habeas petition are unexhausted in state court."[2] (ECF No. 2, PageID.757.) As such, the petition is subject to dismissal unless the Court determines that stay and abeyance is warranted.

The Court concludes that stay and abeyance of Petitioner's habeas petition is inappropriate because dismissal would not jeopardize the timeliness of a future petition. *See Rhines*, 544 U.S. at 277–78. As relevant here, AEDPA's one-year statute limitations begins to run on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Therefore, unless a petitioner files a petition for writ of certiorari with the United States Supreme Court, their conviction becomes final ninety days after the conclusion of their direct appeal in state court. *See Jimenez v. Quarterman*, 555 U.S. 113, 119 (2009) (stating that a conviction becomes final when "the time for filing a

---

[2] Petitioner fails to specify which of his claims are exhausted and which are unexhausted. In reviewing the record, it appears to the undersigned that all of Petitioner's claims may be unexhausted. However, the Court need not resolve which of Petitioner's claims are exhausted at this time.

certiorari petition expires"). However, once a petitioner's conviction is final, AEDPA's one-year statute of limitations "is tolled while a state prisoner seeks postconviction relief in state court." *Lawrence v. Florida*, 549 U.S. 327, 331 (2007); 28 U.S.C. § 2244(d)(2) ("The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.").

In his motion, Petitioner asserts that the "deadline for filing a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 is one year from 90 days after December 1, 2021, or March 1, 2023." (ECF No. 2, PageID.753.) Petitioner appears to base his calculation on the date the Michigan Supreme Court denied him leave to appeal. (*See id.*) However, Petitioner filed a timely motion for reconsideration of that decision on December 22, 2021. (ECF No. 1-20.) *See also* Mich. Ct. R. 7.311(G). The Michigan Supreme Court denied Petitioner's motion on March 30, 2022. *Casson*, 509 Mich. at 916. Thus, Petitioner's direct appeal concluded on March 30, 2022, and his convictions became final ninety days later on June 28, 2022—when the time to file a petition for a writ of certiorari expired. *See Williams v. Curtin*, No. 13-14636, 2016

WL 6962758, at *2 (E.D. Mich. Nov. 29, 2016) ("The state courts completed direct review of the petitioner's convictions . . . when the Michigan Supreme Court denied reconsideration of its order denying leave to appeal."). As such, Petitioner had until June 28, 2023 to file his federal habeas petition.

However, the one-year limitations period did not expire on June 28, 2023. Prior to filing his petition in this Court on February 28, 2023 (ECF No. 1), Petitioner filed a motion for relief from judgment in state court on February 27, 2023. (*See* ECF No. 1, PageID.4.) The statute of limitations under AEDPA is therefore tolled from February 27, 2023 to the conclusion of state post-conviction proceedings.[3] *See* 28 U.S.C. § 2244(d)(2). As such, Petitioner has approximately four months remaining of the one-year limitations period. Given that this amount of time remains, stay and abeyance is unnecessary to ensure a future petition is timely. *See Gilmore v. Burton*, No. 16-CV-14512, 2017 WL 2062222, at *3 (E.D. Mich. May 15, 2017) ("Given that three months of

---

[3] Unlike direct review, "[t]he limitations period is not tolled during the pendency of a petition for certiorari seeking review of the denial of state post-conviction relief." *Williams v. Cheeks*, No. 22-1784, 2022 WL 17480088, at *2 (6th Cir. Nov. 29, 2022) (citing *Lawrence*, 549 U.S. at 329, 332).

the one-year period remains, the petitioner has sufficient time to exhaust his additional issues in the state courts and return to federal court should he wish to do so.").

Because Petitioner has failed to exhaust his state court remedies on each of his federal habeas claims and the statute of limitations does not pose a concern, the Court is not presented with circumstances in which stay and abeyance would be appropriate. *See Rhines*, 544 U.S. at 277–78. Accordingly, the Court denies Petitioner's motion to stay the proceedings and hold the petition in abeyance and dismisses the habeas petition without prejudice. When Petitioner completes post-conviction review in the state courts, he may file a new federal habeas petition with the Court being mindful of any applicable deadlines for doing so.

## IV.   Conclusion

For the reasons set forth above, the Court DENIES Petitioner's motion to stay the proceedings and hold the petition in abeyance (ECF No. 2) and DISMISSES the petition for a writ of habeas corpus (ECF No. 1) WITHOUT PREJUDICE.

Before Petitioner may appeal, a certificate of appealability must issue. *See* 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b)(1). A certificate

of appealability may issue only if a habeas petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a court denies habeas relief on procedural grounds, a certificate of appealability should issue if it is shown (i) that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right and (ii) that jurists of reason would find it debatable whether the court was correct in its procedural ruling. *Slack v. McDaniel*, 529 U.S. 473, 484–85 (2000). Here, reasonable jurists could not debate the correctness of the Court's procedural ruling. Accordingly, the Court DENIES Petitioner a certificate of appealability.

IT IS SO ORDERED.

Dated: September 11, 2023          s/Judith E. Levy
Ann Arbor, Michigan               JUDITH E. LEVY
                                  United States District Judge

### CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or first-class U.S. mail addresses disclosed on the Notice of Electronic Filing on September 11, 2023.

                                  s/William Barkholz
                                  WILLIAM BARKHOLZ
                                  Case Manager